IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REMI C. MARTE, | : | Civil No. 3:20-CV-01525 |
| Plaintiff, | : | |
| v. | : | |
| SAIA MOTOR FREIGHT LINE, LLC, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5.) This action was brought by Plaintiff, Remi Marte ("Marte"), to recover damages for Defendant's alleged wrongful termination of Marte's employment in violation of Pennsylvania's public policy. (Doc. 2, ¶ 1.) Defendant, Saia Motor Freight Line, LLC ("Saia"), has moved to dismiss the complaint, alleging that Marte was an at-will employee under Pennsylvania law, and that he has not otherwise alleged facts that would indicate that a public policy was violated. (Doc. 5.) Because the court finds that Marte has alleged only personal adverse consequences, rather than a broader concern for society as required by the public policy exception to the general presumption in favor of at-will employment, the court will grant the motion to dismiss. (*Id.*)

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the complaint, Marte is a CDL truck driver who began working for Saia as a property-carrying commercial truck driver in February 2018.  (Doc. 2, ¶¶ 7–8.)  As part of his job, Marte claims that he was given work orders to transport loads of freight to various destinations.  (*Id.* ¶ 9.)  As a CDL driver, he was also subject to the Federal Motor Carrier Safety Administration's regulations, which dictate that he may only drive a certain number of consecutive hours before he must take a break.  (*Id.* ¶ 10.)  Marte alleges that on or about August 23, 2019, Saia gave him a work order that required him to exceed the maximum number of allowable hours that he could drive under the Federal Motor Carrier Safety Regulations.  (*Id.* ¶ 11.)  Marte claims that he told Saia that the work order required him to violate these regulations and refused to accept the work order on these grounds.  (*Id.* ¶¶ 12–13.)  Marte asserts that if he had chosen to accept this work order, he could have been subject to fines or CDL suspension for violating the regulations.  (*Id.* ¶ 19.)  Thereafter, the complaint states that Saia terminated Marte's employment for refusing to accept the work order.  (*Id.* ¶ 14.)

On the basis of these facts, Marte filed a complaint dated May 7, 2020 in the Court of Common Pleas of Luzerne County, alleging claims for wrongful termination and retaliation in violation of Pennsylvania public policy, and seeking damages in excess of $50,000.  (Doc. 2.)  This case was removed to this court on

August 25, 2020 based on diversity of citizenship. (Doc. 1.) On September 1, 2020, Saia filed the instant motion to dismiss, asserting that Marte's claim for wrongful termination fails as a matter of law because Marte has not alleged a violation of public policy. (Doc. 5.) On September 11, 2020, Marte filed a brief in opposition. (Doc. 8.) Saia timely filed a reply brief. (Doc. 9.) Thus, this motion is ripe for review.

## JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties have complete diversity and the amount in controversy exceeds $75,000. Further, venue is appropriate because the action detailed in the complaint occurred in the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

3

2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

Saia argues that the complaint should be dismissed because Pennsylvania is an at-will employment state, absent a statute or contract to the contrary.  (Doc. 6, p. 4.)[1]  In addition, Saia asserts that Marte has not established an exception to the general rule that he was an at-will employee, and therefore, his claim should be dismissed.  (*Id.* at 5.)  Marte agrees that he is classified as an at-will employee, but counters that the circumstances surrounding his discharge fall within at least two public policy exceptions to the at-will employment doctrine under Pennsylvania law, and that his claims should accordingly not be dismissed.  (Doc. 8, pp. 3–4.)

Under Pennsylvania law,[2] the general rule is that "absent a statutory or contractual provision to the contrary, either party may terminate an employment

---

[1] For ease of reference, the court utilizes the page number from the CM/ECF header.

[2] The court applies the substantive law of Pennsylvania to this dispute since the court is exercising diversity jurisdiction in this case.  *Erie R.R. Co. v. Tompkins*, 304 U.S 64, 78 (1938); *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000).  In addition, the court notes that

relationship for any or no reason." *Weaver v. Harpster*, 975 A.2d 555, 562 (Pa. 2009) (citing *Geary v. United States Steel Corp.*, 319 A.2d 174 (Pa. 1974); *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283 (Pa. 2000) (noting that Pennsylvania courts have recognized for over a century that an employer may terminate an employee for any reason absent a contractual provision to the contrary)). In other words, employment in Pennsylvania is presumed to be "at-will."

There are, however, limited exceptions to this general presumption. *Weaver*, 975 A.2d at 563 (quoting *Clay v. Advanced Computer Applications*, 559 A.2d 917, 918 (Pa. 1989) (noting that exceptions to the general rule are applicable in "only the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy")). The Pennsylvania Supreme Court has recognized a select few exceptions to the at-will presumption by allowing an employee to maintain a wrongful termination claim where the employee is discharged for: (1) filing an unemployment compensation claim; (2) failing to discourage a subordinate employee from seeking workers' compensation; (3) refusing to submit to a polygraph test; (4) jury service; and (5) refusing to

---

neither party objects to the application of Pennsylvania law and both parties have cited to same in their filings.

5

participate in a lobbying effort. *Weaver*, 975 A.2d at 564 (collecting cases).[3] In each of these cases, despite finding an exception applicable, the Pennsylvania Supreme Court has re-emphasized the strength of the at-will presumption and has cautioned against "unwisely interfere[ing] with 'the legitimate interest of employers in hiring and retaining the best personnel available.'" *Weaver*, 975 A.2d at 562 (citing *Geary*, 319 A.2d at 179). Indeed, the court noted that:

> In our judicial system, the power of the courts to declare pronouncements of public policy is sharply restricted. *Mamlin v. Genoe* (*City of Philadelphia Police Beneficiary Ass'n*), 17 A.2d 407, 409 (Pa. 1941). Rather, it is for the legislature to formulate the public policies of the Commonwealth. The right of a court to declare what is or is not in accord with public policy exists "only when a given policy is so obviously for or against public health, safety, morals, or welfare that there is a virtual unanimity of opinion in regard to it." *Mamlin*, 17 A.2d at 409. Only in the clearest of cases may a court make public policy the basis of its decision. *Id.* To determine the public policy of the Commonwealth, we examine the precedent within Pennsylvania, looking to our own Constitution, court decisions, and statutes promulgated by our legislature. *McLaughlin*, 750 A.2d at 288; *Hall v. Amica Mutual Ins. Co.*, 648 A.2d 755 (Pa. 1994); *Lurie v. Republican Alliance*, 192 A.2d 367 (Pa. 1963); *Mamlin*, 17 A.2d 407.

*Weaver*, 975 A.2d at 563.

Thus, to prevail, a plaintiff "must do more than show a possible violation . . . that implicates only her own personal interest." *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 289 (Pa. 2000). Plaintiffs bringing wrongful

---

[3] The court notes that it does not appear that the Pennsylvania Supreme Court has had occasion to consider whether an exception to the at-will employment presumption would exist in a case such as this involving the Federal Motor Carrier Safety regulations.

termination claims have not been successful where they have only alleged claims that essentially express concern for their own well-being, rather than "the protection of society from public harm, or the need to vindicate fundamental individual rights[.]" *Clark v. Modern Group*, 9 F.3d 321, 333 (3d Cir. 1993) ("an at-will employee's reasonable fear of adverse personal consequence if he follows his employer's directions is insufficient to make out an action for wrongful discharge in Pennsylvania"); *Smith v. Safety-Kleen Sys.*, No. 17-153, 2019 U.S. Dist. LEXIS 23806, at *10–11 (W.D. Pa. Jan. 13, 2019) (holding that plaintiff's allegation that he would be subjected to "fines and/or loss of his CDL license" demonstrated that he was "ultimately concerned about his own well-being" and therefore could not maintain a successful claim of wrongful termination); *but see Oliveri v. U.S. Food Serv.*, No. 3:09-cv-921, 2010 U.S. Dist. LEXIS 11199, at *12 n.2 (M.D. Pa. Feb. 9, 2010) (finding that "highway safety and the regulation of commercial motor vehicles are significant matters of public policy" under Pennsylvania law and that the termination of plaintiff's employment based on his "complaints about the safety of drivers and tractor trailers, which are daily sent out on Pennsylvania's roads" violated Pennsylvania's public policy of safety).

In this case, the court takes note of Marte's argument in his brief that "Plaintiff would have been required to get behind the wheel of a tractor trailer and expose the general and motoring public to his operation of the truck in violation of

7

the hours of operation regulations[,] thus exposing them to a tired or fatigued driver." (Doc. 8, p. 4.) While the court is not ignoring this argument, and believes that it may be sufficient to satisfy the requirements of a recognized public policy interest under Pennsylvania law, *see Oliveri*, 2010 U.S. Dist. LEXIS 11199, at *12 n.2, this argument does not appear in Marte's complaint. Rather, the only allegation in the complaint on this score was with respect to Marte's concern that accepting the work order could subject him to fines or loss of his CDL. At least one other court has found that this kind of personal concern regarding the imposition of fines or loss of licensure is inadequate to maintain a wrongful termination claim. *See Smith*, 2019 U.S. Dist. LEXIS 23806, at *10–11.

Because the court finds that Marte has failed to allege a broader public policy concern implicated by the termination of his employment, the court will grant Saia's motion to dismiss. However, the dismissal is without prejudice to Marte amending his complaint to resolve the deficiencies identified in this memorandum if he wishes to do so.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, Doc. 5, will be granted without prejudice to Plaintiff filing an amended complaint. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: February 22, 2021